# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-07495-SVW-E | Date | March 27, 2023 |
| Title | Benjamin Donel v. Greenbelt Resources Corporation et al | | |

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER TO SHOW CAUSE REGARDING PROCEDURAL PROPRIETY OF REMOVAL

Having reviewed the Defendant Nakamura's Notice of Removal, the Court has serious questions with respect to the procedural propriety of Removal.

Failure to obtain joinder or consent from all proper defendants renders a notice of removal procedurally defective. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Id.* However, the Ninth Circuit recognizes a few narrow exceptions to the unanimity requirement. All parties must consent to removal except "for nominal, unknown or fraudulently joined parties." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir.2002). The exception for "unknown" parties includes a party that has not been served at the time of removal. *Salverson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir.1984).

Here, the Court recognizes that Defendant Nakamura's attorney has stated that removal was proper, because the other defendants in the case were not served. ECF No. 1-4 at ¶ 8. But the state court docket included in Defendant Nakamura's, ECF No. 1-2, reveals several entries that demonstrating Proof of Service. Although these entries do not specifically name the parties serve, these entries suggest that all Defendants were served. "Any doubts with respect to removal are construed against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Accordingly, Defendant Nakamura is ORDERED TO SHOW CAUSE as to why this case should not be remanded on procedural grounds. Defendant Nakamura's response shall be due within 5 days of the issuance of this order.

**IT IS SO ORDERED.**

| | 00 : 00 |
|---|---|
| Initials of Preparer | PMC |